**Opinion filed July 23, 2009**



In The

# Eleventh Court of Appeals

————

## No. 11-06-00036-CR

————

## JOHNNY RAY OCON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-31,766**

## MEMORANDUM OPINION ON REMAND

Johnny Ray Ocon appeals his conviction by a jury of aggravated sexual assault of a child. The jury assessed his punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division. We originally reversed the judgment of conviction in this case, holding that the trial court abused its discretion in overruling Ocon's motion for mistrial on the grounds that he was prejudiced when one juror overheard another juror speaking disparagingly of Ocon to another person over a cell phone. The Texas Court of Criminal Appeals reversed our judgment and remanded this case so that we might consider Ocon's other points of error. In three other points,

Ocon urges the following: (1) the trial court erred in failing to allow the defense to examine the complainant regarding animosity between his mother and Ocon; (2) the trial court erred in refusing to permit Ocon to present testimony by a witness who would testify about hostility between the complainant's mother and Ocon; and (3) the trial court abused its discretion by denying Ocon a new trial for prosecutorial misconduct in failing to timely disclose potentially exculpatory evidence. We affirm.

Ocon insists in Point Two that the trial court abused its discretion by failing to allow the defense to examine the victim regarding animosity between the complainant's mother and Ocon. The complainant testified before the jury that he had previously heard arguments between Ocon and his mother. He said that they got into a fight a long time ago, before any of this ever happened. When the complainant started to elaborate, counsel for the State objected on the basis of relevance. At a bench conference, Ocon's counsel told the court that he was trying to show whether the complainant remembered that Ocon and his mother had a fight a long time ago. He also told the court that he was just trying to find out if the complainant knew that his mother did not like Ocon. When Ocon's counsel assured the court that he was not looking to dig into it, the court replied, "Okay. Well, then let's move on." Ocon's counsel replied, "Okay." Ocon's counsel then shifted to a different line of questioning. We note that the trial court did not sustain the objection by counsel for the State. The trial court directed Ocon's counsel to "move on" after Ocon's counsel had told the court what he was wanting to assert and that he was not looking to dig into it. If one assumes that the trial court's direction to "move on" was a directive that Ocon's counsel not present further testimony about hostility between Ocon and the complainant's mother, we note that Ocon's counsel made no objection to that directive. Further, we note that Ocon did not make a bill of exception, so that we do not know what testimony the complainant would have given had he testified further on this subject. We hold that no error was preserved and that, even if it were, there is no basis, in the absence of a record as to what the complainant would have testified had this line of questioning been pursued, upon which to find that any error by the trial court affected Ocon's substantial rights. TEX. R. APP. P. 33.1(a), 44.2(b). We overrule Point Two.

In Point Three, Ocon urges that the trial court abused its discretion by not permitting him to present testimony by a witness who could testify about hostility between the complainant's mother

2

and Ocon. Nicole Hincent, Ocon's niece, testified that the complainant's mother lived in a home owned by Ocon's mother and that she was evicted from that home. After counsel for the State objected, the trial court held a bench conference. At the bench conference, Ocon's counsel sought to show that Ocon and his mother had evicted the complainant's mother for not paying and that this was relevant if it were shown that the complainant saw an opportunity to blame someone whom his mother disliked. The trial court found that the proposed testimony was not relevant. Subsequently, Hincent testified before the jury that the complainant's mother had animosity toward Ocon.

At a subsequent offer of proof, Hincent testified that the complainant's mother called Ocon a faggot, that they lived in a house owned by Ocon's mother, that the complainant's mother and Ocon got into arguments over nonpayment of the rent, and that Ocon had her evicted from the house. She said that the complainant's mother was angry about the eviction. She did not testify that the complainant was aware of any of this. In view of the absence of any testimony that the complainant was aware of the facts outlined in Hincent's proposed testimony, we agree with the trial court's ruling that the testimony was irrelevant. We, therefore, hold that the trial court did not abuse its discretion in denying Ocon the opportunity to present this testimony before the jury. We overrule Point Three.

Ocon contends in Point Four that the trial court abused its discretion in denying his motion for new trial based on prosecutorial misconduct in failing to timely disclose potentially exculpatory evidence. Ocon filed a motion for new trial on November 22, 2005, alleging as its only basis that the verdict was contrary to the law and the evidence. Previously, on November 17, 2005, just prior to the hearing on punishment, counsel for Ocon told the court that "we have to move for a mistrial" because a State's witness had recanted his testimony and told the State's counsel that the complainant had told him that he was lying. Ocon's counsel complained that State's counsel failed to disclose that to him. The State's counsel assured the court the witness had not said the complainant had told him he was lying. The trial court interrupted a statement Ocon's counsel was making to tell him, "You may have a Motion for New Trial." After further discussion, the trial court said, "All right. Well, then I guess what we'll have to do is take up the issue on a motion for new trial, if there is some other kind of evidence like that." Just before closing at the punishment phase, Ocon's counsel presented a bill with respect to the testimony of the State's witness to whom the

complainant was supposed to have said he was lying. The witness testified that he had previously made an accusation against Ocon but had recanted it. The witness said that the complainant told him that he was going to "copy" him by making an accusation against Ocon. No formal motion for new trial based upon prosecutorial misconduct was ever filed, nor was there any hearing on the motion for new trial. There is no showing that the trial court denied Ocon a hearing on his motion for new trial. The motion was overruled by operation of law. Inasmuch as Ocon never presented a motion for new trial based on prosecutorial misconduct and never obtained a hearing on the motion that was filed, we hold that the trial court did not abuse its discretion by denying Ocon a new trial because it was denied not by the trial court, but by operation of law. Because the trial court did not rule on the motion and because there is no showing that the trial court refused to rule on the motion or that Ocon objected to any such refusal, nothing is preserved for review. *See* Rule 33.1(a)(2). We overrule Point Four.

The judgment is affirmed.

PER CURIAM

July 23, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.